**UNITED STATES of America, Appellee,**

v.

**Charles CORNISH, Defendant-Appellant.**

**No. 73–1189.**

United States Court of Appeals, First Circuit.

Argued Jan. 8, 1974.

Decided Feb. 5, 1974.

---

William P. Homans, Jr., Boston, Mass., with whom Featherston, Homans, Klubock & Griffin, Boston, Mass., was on brief, for appellant.

Lawrence P. Cohen, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

## PER CURIAM.

After a jury trial, appellant was convicted of conspiring to distribute a quantity of cocaine, a controlled substance, in violation of 21 U.S.C. §§ 841 (a)(1), 846 (1970). The sole issue presented by this appeal is whether there was sufficient evidence adduced at trial to establish beyond a reasonable doubt that a conspiratorial agreement existed between appellant and his codefendant, Barbara Murchison. The evidence, which for these purposes must be considered in the light most favorable to the government, indicated that on the afternoon of July 6, 1973, one Francis Dever, an undercover agent attached to the Federal Bureau of Narcotics and Dangerous Drugs, met with Murchison and a government informant in Boston in order to purchase cocaine. Murchison stated that she knew of a source of supply, described as a "good friend" of hers, but said that this "man would not meet with [agent Dever] with the cocaine." Consequently, an arrangement was reached whereby the agent gave $1,000 to the informant who was to hold the money until the cocaine was delivered.

Later the same day, agent Dever observed Murchison as a passenger in a car driven by appellant. After drop-ping her off near a bar on Columbus Avenue in Boston, appellant continued outbound on that road, with the agent in close pursuit. At the intersection of West Springfield Street and Columbus Avenue, both vehicles stopped and appellant left his car and walked over to the passenger side of the agent's automobile. The agent then asked appellant where the cocaine was, to which appellant replied that "*it* was with Miss Murchison, back on Columbus Avenue." After being thanked by the agent, appellant responded, "Any time."

At the conclusion of this meeting, which provides all the evidence in the record as to the appellant's asserted participation in the conspiracy, Dever returned to the vicinity of the bar on Columbus Avenue where he had earlier seen Murchison depart from appellant's car. After parking his vehicle, the agent joined Murchison who produced a brown paper bag containing the desired amount of cocaine. This was then given to the agent, thus completing the illicit transaction.

On these facts, we cannot say that there was insufficient evidence from which the jury could conclude beyond a reasonable doubt that appellant knew of and participated in a conspiratorial agreement with Murchison whereby cocaine was ultimately distributed to the government agent. Admittedly the evidence is circumstantial, but that is frequently the nature of proof in a trial for conspiracy. And when we consider that Murchison had to contact her "connection" in order to acquire the cocaine; that appellant dropped Murchison off at the spot where the ultimate transfer took place; that, when followed, appellant stopped his car and deliberately went over to speak to agent Dever; and that when asked where the specific cocaine the agent wished to purchase was, appellant, who had never before seen Dever, promptly responded that "it" was back with Murchison, we do not believe that it can be fairly contended that the evidence against appellant was insufficient to sustain the jury's verdict.

The case of United States v. Hysohion, 448 F.2d 343 (2d Cir. 1971), upon which appellant primarily relies, is not dispositive of the issue before us. Even if we were to accept the dictum in the majority opinion of *Hysohion*, as distinguished from Judge Moore's concurrence, the facts in that case, precluding a finding of a working relationship with the supplier, were far more favorable to the defendant.

Affirmed.